**STONELIGHT TILE INC., a California Corporation; David G. Anson, an individual, Plaintiffs–Appellants,**

v.

**BAY AREA AIR QUALITY MANAGEMENT DISTRICT, a California Public Entity, Defendant–Appellee.**

**Stonelight Tile Inc., a California Corporation; David G. Anson, an individual, Plaintiffs–Appellees,**

v.

**Bay Area Air Quality Management District, a California Public Entity, Defendant–Appellant.**

No. 03–15402, 03–15530.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 2004.

Decided March 23, 2004.

William R. Delaney, Esq., San Jose, CA, for Plaintiff–Appellant.

David G. Anson, San Jose, CA, pro se.

Richard J. Schneider, Sylvie P. Snyder, Esq., Daley & Heft, Solana Beach, CA, Brian C. Bunger, Esq., Bay Area Quality Management District, San Francisco, CA, for Defendant–Appellee.

Before FERNANDEZ, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM *

Stonelight Tile, Inc., and its president, David G. Anson,[1] appeal the portion of the district court's judgment that went against them in their 42 U.S.C. § 1983 action against Bay Area Air Quality Management District (AQMD). For its part, AQMD appeals the portion of the judgment that went against it. We reverse and remand for entry of judgment in favor of AQMD.

On any view of the record, if AQMD did commit wrongs against Stonelight, those ended by the end of 1994, and this § 1983 action was not filed until 1998. Under California law, the statute of limitations was one year from the date that it began to run.[2] The date of accrual—the date on which the statute of limitations started to run—is, however, a question of federal law. *See Johnson v. California,* 207 F.3d 650, 653 (9th Cir.2000). Under federal law, it

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Hereafter, we will refer to both as Stonelight.

2. *See Carpinteria Valley Farms, Ltd. v. County of Santa Barbara,* 344 F.3d 822, 828 (9th Cir.2003); *Kimes v. Stone,* 84 F.3d 1121, 1128 (9th Cir.1996).

commences "when the plaintiffs know or have reason to know of the injury that is the basis of their action." *RK Ventures, Inc. v. City of Seattle,* 307 F.3d 1045, 1058 (9th Cir.2002); *see also Johnson,* 207 F.3d at 653.

The district court, in effect, granted summary judgment against AQMD on the statute of limitations issue. Based on the record, which shows Stonelight's extensive knowledge of the injury, the failure of AQMD to abate dust coming from the site of Diversified Recycling Services, and other facts to indicate why something was amiss,[3] we are satisfied that the district court not only erred in granting judgment in favor of Stonelight on the issue, but also should have granted it in favor of AQMD.[4]

The above being so, we need not consider issues regarding the viability of the due process and equal protection claims, the instructions, or the failure to grant a partial new trial. Nor need we consider the size of Stonelight's cost award, which, of necessity, must be overturned in its entirety.

REVERSED and REMANDED for entry of judgment in favor of AQMD.[5]

---

3. For example, Stonelight knew that inspectors were told not to record violations, and that a member of the County Board of Supervisors had intervened. *See Nunez v. City of Los Angeles,* 147 F.3d 867, 871 (9th Cir.1998); *cf. Kimes,* 84 F.3d at 1128 (lack of knowledge or inquiry notice of any wrongdoing).

4. Whether the principle of law is phrased as "know or have reason to know," *see RK Ventures,* 307 F.3d at 1058, or as "actual or inquiry notice," *see Volk v. D.A. Davidson &*

*Co.,* 816 F.2d 1406, 1412 (9th Cir.1987), the result is the same. Stonelight surely had enough information to proceed by the end of 1994, and the delay until 1998 cannot be justified.

5. We deny AQMD's November 21, 2003, Motion To File a Letter.